IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KEITH J. STEMPKE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV-14-45-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF** |

## I. SYNOPSIS

Keith Stempke seeks disability benefits under the Social Security Act. The Social Security Administration determined he is capable of performing work that exists in significant numbers in the national economy, despite severe impairments, and therefore is not entitled to benefits. That determination is not supported by substantial evidence and is based on legal error. The case should be remanded to the

1

Commissioner with instructions to establish the onset date of Mr. Stempke's disability and to award benefits retroactive to the onset date.

## II. JURISDICTION

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case is assigned to United States District Judge Brian Morris and referred to the undersigned to submit findings and recommendations on dispositive motions. Doc. 8. Venue in the Great Falls Division of the District of Montana is proper because Mr. Stempke resides in Cascade County, Montana. Doc. 1 at 1-2; 42 U.S.C. 405(g); Local Rule 1.2(c)(2).

## III. STATUS

Mr. Stempke applied for disability benefits in October 2010, alleging that he had been disabled since January 2008. Tr. 159-76. The Social Security Administration denied his claim. Tr. 132. Upon reconsideration, the Social Security Administration affirmed denial of the claim. Tr. 138.

Mr. Stempke requested a hearing with an Administrative Law Judge (ALJ). Tr. 140. That hearing was conducted in September 2012, and Mr. Stempke was present with counsel. Tr. 59-107. In her October 2012 decision, the ALJ found Mr. Stempke did not qualify for benefits. Tr. 13-23. Mr. Stempke requested the Social Security Administration Appeals Council review the decision. Tr. 7. The Council denied that

2

request, making the ALJ's decision the final decision of the Commissioner of Social Security. Tr. 1-3.

Mr. Stempke sought judicial review via this action. Doc. 1. Mr. Stempke has filed a motion for summary judgment. Doc. 11. The motion is fully briefed. Docs. 12-14.

## IV.  STANDARDS

### A.  Court's role

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the

Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**B.    Disability criteria**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

To determine if a claimant is disabled, the Commissioner follows a five-step evaluation process. *Corrao v. Shalala*, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process ends. *Id*. at 946. At step one, the claimant must show he is not currently engaged in substantial gainful activity. At step two, the claimant must demonstrate that he has a severe impairment. At step three, the Commissioner must determine whether a claimant's impairment meets or

equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. *Id.* If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience, and residual functional capacity. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## V. BACKGROUND

### A. ALJ's determination

At step one, the ALJ determined that Mr. Stempke has engaged in substantial gainful activity since his alleged disability onset date of January 21, 2008. The ALJ found that Mr. Stempke had engaged in substantial gainful activity through September 2009.

At step two, the ALJ found that Mr. Stempke has the following severe impairments: status-post L5-S1 lumbar decompression and spinal fusion surgery in January 2008, secondary to a diagnosis of bilateral pars defect at L5 with foraminal stenosis and a grade 1 spondylolisthesis of L5 on S1, with continued complaints of residual low back pain.

5

At step three, the ALJ found that Mr. Stempke's impairments do not establish a disability under the Listing of Impairments.

At step four, the ALJ determined that Mr. Stempke is unable to perform any past relevant work.

At step five, the ALJ found that Mr. Stempke has the residual functional capacity to perform a reduced range of light work and could do work that exists in significant numbers in the national economy. Tr. 13-23.

**B.	Mr. Stempke's position**

Mr. Stempke argues the ALJ's decision should be reversed or the case remanded because the decision is based on several legal errors. Specifically, he argues:

1. The ALJ failed to consider depression a severe impairment;

2. The ALJ discounted or ignored the findings and opinions of Dr. Patrick Galvas without adequate explanation;

3. The ALJ failed to provide a proper basis to reject the medical and lay opinions;[1]

---

[1] Though Mr. Stempke raised this issue in one sentence, he did not address it elsewhere in his brief, and he cited no authority in its support. Doc. 12 at 32. The Court declines to address this issue. *W. Radio Servs. Co. v. Qwest Corp*, 678 F.3d 970, 979 (9th Cir. 2012).

4. The ALJ discounted a portion of Mr. Stempke's testimony without adequate explanation; and

5. The ALJ failed to include all of Mr. Stempke's disabilities and limitations in a hypothetical posed to the vocational consultant.

Doc. 12 at 27-34.

## VI. ANALYSIS

### A. The ALJ did not err in finding that Mr. Stempke had not met his burden of establishing a severe mental impairment.

In his opening brief, Mr. Stempke makes the conclusory assertion that the ALJ failed to include depression as a severe impairment. Doc. 12 at 2. Though the Court only reviews issues that "are argued specifically and distinctly in a party's opening brief," *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994), the Court will briefly address Mr. Stempke's argument out of an abundance of caution.

The claimant bears the burden to establish the existence of "any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999) (citing *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 112 (1996)). The impairment must be severe and must make the claimant unable to do his past relevant work or any other

substantial gainful work that exists in the national economy. 20 C.F.R. § 404.1505(a). A claimant's "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

Mr. Stempke failed to meet his burden to establish depression as a severe impairment. A review of the record indicates that Mr. Stempke's depression did not significantly limit his ability to do basic work activities, and the ALJ did not err when it did not consider depression a severe impairment.

> **B.** **The ALJ erroneously failed to provide specific, clear, and convincing reasons for discrediting Mr. Stempke's testimony that he has to lie down for most of the afternoon three or four days a week.**

Mr. Stempke argues that "[t]he ALJ erred in finding Keith's testimony relative to his limitations not credible." Doc. 12 at 32. To assess "the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Molina v. Colvin*, 674 F.3d , 1104, 1112 (9th Cir. 2012)). The ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ

8

can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). In so doing, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

In Mr. Stempke's case, the ALJ properly found, and all the medical sources agree, that the objective medical evidence establishes an underlying impairment that could reasonably be expected to produce pain and limitation. Mr. Stempke specifically testified that as the day progresses, his low back pain increases and requires him to change positions more frequently. Tr. 84-85. He further testified that his increasing pain causes him to spend most of the afternoon lying down three or four days a week. *Id.*

The ALJ did not include this limitation in her residual functional capacity assessment. Tr. 16. The ALJ makes no mention of why this limitation was not included other than the blanket statement that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms *are not credible to the extent they are inconsistent with the above residual functional capacity assessment.*" Tr. 18 (emphasis added). After making this blanket statement, the ALJ

9

drifts off into a discussion of the medical evidence without ever mentioning Mr. Stempke's testimony that his pain requires him to lie down for most of the afternoon three or four days per week.

The ALJ failed to set forth specific, clear, and convincing reasons for discrediting Mr. Stempke's testimony. Furthermore, although the ALJ discussed Mr. Stempke's medical records, she failed to connect the medical records to his testimony about the limitations his pain imposes upon him. The *Burrell* court reversed the ALJ for discrediting the claimant's testimony in precisely this same fashion. *Id*. at 1137-1140. Like the ALJ in *Burrell*, the ALJ in Mr. Stempke's case committed error in discrediting Mr. Stempke's testimony.

Furthermore, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Commissioner, as a matter of law, has accepted that testimony as true. *Varney v. Sec. of Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988). The ALJ's error therefore requires reversal of her decision.

### C. The ALJ's residual functional capacity assessment was erroneous because it did not contain the limitation that Mr. Stempke's pain requires him to lie down for most of the afternoon three or four days a week.

The ALJ did not include the limitation that Mr. Stempke's pain requires him to lie down most of the afternoon three or four days a week in her residual functional

capacity assessment. Because Mr. Stempke's testimony about this limitation is, as a matter of law, accepted as being true, substantial evidence does not support the ALJ's residual functional capacity assessment. *Lingenfelter*, 504 F.3d at 1040. Nor does substantial evidence support the ALJ's step-five determination since it was based on her erroneous residual functional capacity assessment. *Id*. at 1041.

On cross-examination of the vocational expert, Mr. Stempke's attorney asked whether any of the jobs she identified in response to the ALJ's hypothetical "would allow a person to lie down or recline outside of the normal two breaks during a day and 30 to 60 minutes for lunch." The vocational expert replied: "No." Tr. 105. The vocational expert's testimony therefore establishes that, taking Mr. Stempke's testimony as true, he was disabled because lying down for most of the afternoon on three or four days of the week would not be accommodated by the normal afternoon break. *Id*.

### D. Further proceedings are necessary.

Before the Court may remand a case to the ALJ with instructions to award benefits, three requirements must be met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were

11

credited as true, the ALJ would be required to find the claimant disabled on remand. *Burrell*, 775 F.3d at 1141.

Here, the ALJ failed to provide legally sufficient reasons for rejecting Mr. Stempke's testimony that his pain requires him to lie down most of the afternoon three or four days a week. Crediting Mr. Stempke's testimony as true would require the ALJ to find him disabled. The onset date of Mr. Stempke's limitation of pain requiring him to lie down most of the afternoon three or four days a week is unclear based on this record. Thus, the case should be remanded to the Commissioner with instructions to determine the onset date of Mr. Stempke's limitation of pain requiring him to lie down most of the afternoon three or four days a week and to award benefits retroactive to this date.

## VII. CONCLUSION

Based upon the foregoing, the decision of the Commissioner should be reversed. Because the Commissioner failed to articulate legally sufficient reasons for refusing to credit Mr. Stempke's subjective pain testimony, his testimony is credited as true, and he is thus disabled. Benefits should be awarded retroactively from the onset date of this limitation. This matter should be remanded to the Commissioner to determine the onset date of this limitation.

The Court **FINDS**:

1. The ALJ's determination is not supported by substantial evidence.

2. The ALJ's determination is based on legal error.

The Court **RECOMMENDS**:

1. Mr. Stempke's Motion for Summary Judgment (Doc. 11) should be **GRANTED**.

2. The Commissioner's decision should be **REVERSED** and this matter **REMANDED** to the ALJ with instructions to determine the onset date of Mr. Stempke's limitation of pain requiring him to lie down most of the afternoon three or four days a week and to award benefits retroactive to this date.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 16th day of April 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge