# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KEITH J. STEMPKE, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | CV-14-45-GF-BMM <br><br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |

Keith Stempke filed a complaint seeking disability benefits. (Doc. 1). Stempke then filed a motion for summary judgment. (Doc. 11). United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 16, 2015. (Doc. 16). Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston determined that the Social Security Administration made a decision that was not supported by substantial evidence and was based on legal

1

error. The Social Security Administration had concluded that Stempke was capable of performing work that exists in significant numbers in the national economy.

Stempke testified at a hearing in front of an Administrative Law Judge (ALJ). At this hearing, Stempke testified that his back pain causes him to spend most of the afternoon lying down three or four days a week. The ALJ determined that Stempke's testimony was not credible. The ALJ failed, however, to set forth specific, clear, and convincing reasons for discrediting Stempke's testimony.

The ALJ excluded Stempke's testimony regarding his need to lie down in the afternoon three or four days a week from her residual functional capacity assessment. The ALJ's failure to provide clear and convincing reasons for excluding Stempke's testimony means that the residual functional capacity assessment was not supported by substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). The vocational expert who testified admitted that none of the potential jobs she had identified would allow Stempke to lie down or recline outside of normal breaks and lunchtime. Crediting Stempke's testimony as true therefore would require the ALJ to find him disabled.

Judge Johnston determined that the record was unclear as to the onset date of Stempke's limitation requiring him to lie down during the afternoon three or four days a week. Judge Johnston recommended that that this case be remanded to the

Commissioner with instructions to determine the onset date and to award benefits retroactive to that date.

This Court finds no clear error in Judge Johnston's Findings and Recommendations and adopts them in full. Remanding this case to the Commissioner with instructions to determine the onset date and to award benefits retroactive to that date is an appropriate resolution of this matter.

**IT IS HEREBY ORDERED**:

1. Judge Johnston's Findings and Recommendations (Doc. 16) is ADOPTED IN FULL.

2. Stempke's Motion for Summary Judgment (Doc. 11) is GRANTED.

3. The Commissioner's decision is REVERSED and this matter is REMANDED to the ALJ with instructions to determine the onset date of Stempke's limitation requiring him to lie down most of the afternoon three or four days a week and to award benefits retroactive to that date.

DATED this 11th day of May, 2015.

_____
Brian Morris
United States District Court Judge